CRAWLEY, Judge,
dissenting.
Until the supreme court determines whether it has jurisdiction by virtue of the appellant’s petition for writ of certiorari, see Rule 2, Ala. R.App. P., I question whether this court has jurisdiction over this case. However, in the event this court does have jurisdiction, then I respectfully dissent from the grant of rehearing ex mero motu. Black’s Law Dictionary 575 (6th ed.1990) defines “ex mero motu” as “[o]f his own mere motion; ... voluntarily and without prompting or request,” and states that a court acts ex mero motu “[w]hen a court interferes, of its own motion, to object to an irregularity, or to do something which the parties are not strictly entitled to, but which will prevent injustice.” This case involves a determination whether the trial court abused its discretion in denying a post-judgment motion without a hearing. The no-opinion action of January 22, 1999, and today’s opinion both affirm the trial court’s judgment. To issue an opinion in this case on a rehearing granted ex mero motu is not justified by any legal reasons that would normally support such extraordinary action.
THOMPSON, J„ concurs.